# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| VALERIE J THOMAS | § | Case No. 11-19553 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
.   The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                                          $

Funds were disbursed in the following amounts:

Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of[1]                                          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was              and the deadline for filing governmental claims was              . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $              .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $            [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $            [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Gregg Szilagyi_____
                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

_____

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Case 11-19553   Doc 38   Filed 01/28/14 Entered 01/28/14 12:22:47   Desc Main   Page: 1

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-19553 | SPS | Judge: | Susan Pierson Sonderby | Trustee Name: | Gregg Szilagyi |
|---|---|---|---|---|---|---|

Case Name:   VALERIE J THOMAS

Date Filed (f) or Converted (c):  05/06/11 (f)
341(a) Meeting Date:  06/13/11
Claims Bar Date:  06/28/12

For Period Ending: 09/16/13

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 10921 S. Wood Street | 226,500.00 | 2,530.00 | | 0.00 | 2,530.00 |
| 2 | Silver Leaf Time Share Silverleaf Resorts, Inc. 1221 River B | 8,000.00 | 0.00 | | 0.00 | 0.00 |
| 3 | Chase Bank Checking Account | 0.00 | 0.00 | | 0.00 | 0.00 |
| 4 | First Merit Bank Checking | 200.00 | 0.00 | | 0.00 | 0.00 |
| 5 | Used Furniture | 800.00 | 0.00 | | 0.00 | 0.00 |
| 6 | Used Clothing | 300.00 | 0.00 | | 0.00 | 0.00 |
| 7 | 401(k) | 300.00 | 0.00 | | 0.00 | 0.00 |
| 8 | 2007 Nissan Altima | 14,775.00 | 11,516.00 | | 0.00 | 11,516.00 |
| 9 | EMPLOYMENT CLAIM AGAINST COLE TAYLOR BANK | 50,000.00 | Unknown | | 31,339.25 | FA |
| INT | Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.68 | Unknown |

TOTALS (Excluding Unknown Values)          $300,875.00          $14,046.00                    $31,339.93

Gross Value of Remaining Assets
$14,046.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR):   12/31/13        Current Projected Date of Final Report (TFR):   / /

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 11-19553
Case Name: VALERIE J THOMAS

Taxpayer ID No: XX-XXX5286
For Period Ending: 09/16/13

Trustee Name: Gregg Szilagyi
Bank Name: Bank of America
Account Number/CD#: XXXXXX9606 - MONEY MARKET ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/28/12 | | COLE TAYLOR BANK | SETTLEMENT OF EMPLOYMENT ACTION | | | 16,684.25 | | 16,684.25 |
| | 9 | | EMPLOYMENT CLAIM AGAINST COLE TAYLOR BANK | 29,000.00 | 1149-000 | | | |
| | | FED INCOME TAX | | (9,227.25) | 2810-000 | | | |
| | | EMPLOYEE MEDICAL | | (420.50) | 2500-000 | | | |
| | | SOCIAL SECURITY | | (1,218.00) | 2500-000 | | | |
| | | IL STATE INCOME | | (1,450.00) | 2500-000 | | | |
| 04/30/12 | INT | Bank of America | Interest Rate 0.010 | | 1270-000 | 0.13 | | 16,684.38 |
| 04/30/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | | 2600-000 | | 19.83 | 16,664.55 |
| 05/31/12 | INT | Bank of America | Interest Rate 0.010 | | 1270-000 | 0.14 | | 16,664.69 |
| 05/31/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | | 2600-000 | | 21.17 | 16,643.52 |
| 06/29/12 | INT | Bank of America | Interest Rate 0.010 | | 1270-000 | 0.13 | | 16,643.65 |
| 06/29/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | | 2600-000 | | 19.78 | 16,623.87 |
| 07/31/12 | INT | Bank of America | Interest Rate 0.010 | | 1270-000 | 0.15 | | 16,624.02 |
| 07/31/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | | 2600-000 | | 21.80 | 16,602.22 |
| 08/30/12 | INT | Bank of America | | | 1270-000 | 0.13 | | 16,602.35 |
| 08/30/12 | | Transfer to Acct#XXXXXX5542 | Transfer of Funds | | 9999-000 | | 16,582.62 | 19.73 |
| 08/30/12 | | Bank of America | | | 2600-000 | | 19.73 | 0.00 |

|  |  | Deposits | Disbursements | Balance |
|---|---|---|---|---|
| COLUMN TOTALS | | 16,684.93 | 16,684.93 | 0.00 |
| Less: Bank Transfers/CD's | | 0.00 | 16,582.62 | |
| Subtotal | | 16,684.93 | 102.31 | |
| Less: Payments to Debtors | | 0.00 | 0.00 | |
| Net | | 16,684.93 | 102.31 | |

|  |  |  |
|---|---|---|
| Page Subtotals | 16,684.93 | 16,684.93 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

Case No: 11-19553
Case Name: VALERIE J THOMAS

Taxpayer ID No: XX-XXX5286
For Period Ending: 09/16/13

Trustee Name: Gregg Szilagyi
Bank Name: Associated Bank
Account Number/CD#: XXXXXX5542 - Checking Acccount
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/30/12 | | Transfer from Acct#XXXXXX9606 | Transfer of Funds | 9999-000 | 16,582.62 | | 16,582.62 |
| 10/16/12 | | Associated Bank | Technology Fee | 2600-000 | | 10.22 | 16,572.40 |
| 11/05/12 | | Associated Bank | Technology Fee | 2600-000 | | 10.56 | 16,561.84 |
| 12/07/12 | | Associated Bank | Technology Fee | 2600-000 | | 10.21 | 16,551.63 |
| 01/08/13 | | Associated Bank | Technology Fee | 2600-000 | | 10.54 | 16,541.09 |
| 02/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 24.59 | 16,516.50 |
| 03/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 22.18 | 16,494.32 |
| 04/05/13 | | Associated Bank | Technology Fee | 2600-000 | | 24.52 | 16,469.80 |
| 05/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 23.69 | 16,446.11 |
| 05/17/13 | 9 | VALERIE THOMAS | REFUND OF TAX REFUND | 1129-000 | 2,339.25 | | 18,785.36 |
| 06/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 26.13 | 18,759.23 |
| 07/08/13 | | Associated Bank | Technology Fee | 2600-000 | | 26.99 | 18,732.24 |
| 08/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 27.85 | 18,704.39 |
| 09/09/13 | | Associated Bank | Technology Fee | 2600-000 | | 27.81 | 18,676.58 |
| 09/16/13 | 001002 | VALERIE THOMAS | EXEMPTION AMT | 8100-002 | | 2,141.00 | 16,535.58 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 18,921.87 | 2,386.29 | 16,535.58 |
| Less: Bank Transfers/CD's | 16,582.62 | 0.00 |
| Subtotal | 2,339.25 | 2,386.29 |
| Less: Payments to Debtors | 0.00 | 2,141.00 |
| Net | 2,339.25 | 245.29 |

|  | TOTAL OF ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|
| MONEY MARKET ACCOUNT - XXXXXX9606 | | 16,684.93 | 102.31 | 0.00 |
| Checking Acccount - XXXXXX5542 | | 2,339.25 | 245.29 | 16,535.58 |
| | | --------------------- | --------------------- | --------------------- |
| | | 19,024.18 | 347.60 | 16,535.58 |

| | | |
|---|---|---|
| Total Allocation Receipts: | 12,315.75 | |
| Total Net Deposits: | 19,024.18 | |
| Total Gross Receipts: | 31,339.93 | |

| | | | |
|---|---|---|---|
| | ================ | ================ | ================ |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | Page Subtotals | 18,921.87 | 2,386.29 |
|---|---|---|---|

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 11-19553

Debtor Name: THOMAS, VALERIE J

Claims Bar Date: 06/28/12

Date: September 16, 2013

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Gregg Szilagyi 542 South Dearborn Street Suite 1060 Chicago, Illinois 60605 | Administrative | | $0.00 | $3,669.89 | $3,669.89 |
| 100 2200 | Gregg Szilagyi 542 South Dearborn Street Suite 1060 Chicago, Illinois 60605 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3210 | BALDI BERG & WALLACE 20 NORTH CLARK STREET CHICAGO, IL 60602 | Administrative | | $0.00 | $5,460.00 | $5,460.00 |
| 100 3210 | Gaffney and Gaffney, P.C. | Administrative | | $0.00 | $10,175.70 | $10,175.70 |
| 3 280 5800 | IRS P.O. Box 7346 Philadelphia, PA 19101-7346 | Priority | | $0.00 | $2,789.59 | $2,789.59 |
| 1 300 7100 | Quantum3 Group LLC as agent for World Financial Network Bank PO Box 788 Kirkland, WA 98083-0788 | Unsecured | | $0.00 | $698.30 | $698.30 |
| 2 300 7100 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025 | Unsecured | | $0.00 | $8,986.79 | $8,986.79 |
| 4 300 7100 | Capital One Bank (USA), N.A. PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $2,597.38 | $2,597.38 |
| 5 300 7100 | American Express Centurion Bank c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $0.00 | $1,673.01 | $1,673.01 |
| 6 300 7100 | Capital One, N.A. c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $0.00 | $371.80 | $371.80 |
| | Case Totals | | | $0.00 | $36,422.46 | $36,422.46 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-19553
Case Name: VALERIE J THOMAS
Trustee Name: Gregg Szilagyi

Balance on hand                                                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ | $ | $ |
| Attorney for Trustee Fees: BALDI BERG & WALLACE | $ | $ | $ |
| Other: Gaffney and Gaffney, P.C. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                                 $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $                must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | IRS | $ | $ | $ |

Total to be paid to priority creditors                        $_____

Remaining Balance                                            $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 2 | Discover Bank | $ | $ | $ |
| 4 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 5 | American Express Centurion Bank | $ | $ | $ |
| 6 | Capital One, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                            $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE